### THE GRESS LUMBER COMPANY *v.* LEITNER.

1. An administrator having an order to sell at private sale the wild lands of his intestate, first sold and conveyed the timber upon the land, receiving pay therefor, and afterwards, to a different purchaser, the land itself, giving notice to the latter that the timber had been sold, but so far as appears making no exception or qualification in the deed to this purchaser: *Held,* that one deriving his claim of title from the latter would, if a *bona fide* purchaser without like notice, be protected, but if he was affected with notice, he would hold the land subject in equity to the rights of the purchaser of the timber; and a petition in the nature of a bill for injunction and also for the recovery of damages would be maintainable to restrain him from appropriating the timber to his own use

and from interfering with the purchaser thereof in cutting and moving the same from the premises within a reasonable time, and for the recovery of damages for timber already cut and appropriated. Whether as matter of strict law a separate sale of the timber was authorized by the order or not, yet as the order was the basis of that sale, it was admissible in evidence, inasmuch as a mistaken execution of the order, together with the receipt of the purchase money, would operate to create an equity in favor of the purchaser of the timber, which he could enforce against a subsequent purchaser of the land affected with notice of that equity.

2. An order of sale granted to an administrator but not executed by him, remains operative after he has been succeeded by an administrator *de bonis non*, and may be executed by the latter.

July 24, 1893.

Before Judge Roberts. Dodge superior court. September term, 1892.

DeLacy & Bishop, for plaintiff.

Martin & Smith, for defendant.

Simmons, Justice.

1. Kimball, the administrator of DeVaughn, applied to the ordinary for leave to sell certain wild lands belonging to the estate of his intestate, and leave was granted. Before the land was sold, he resigned, and Hall was appointed administrator in his place. Hall sold the standing saw-mill timber on the land to the Gress Lumber Company, and received the purchase money therefor. Subsequently he sold the land itself to Wilson, giving Wilson notice at the time of the sale that he had already disposed of the saw-mill timber to the Gress Lumber Company; but, so far as appears, no exception of the timber was made in the deed to Wilson. Wilson sold the land to Leitner, and Leitner entered upon it and commenced cutting the timber; whereupon the Gress Lumber Company filed its petition to enjoin him from cutting the timber, and for the recovery of damages on account of timber already cut. Upon the trial of the case, it was admitted that both parties derived their title from Hall. The plaintiff offered in

evidence a certified copy of the application for leave to sell the land, and of the order of the ordinary granting leave to sell at private sale. This was objected to by the defendant, upon the ground that the order did not authorize the administrator to sell the timber on the land separately from the land itself. This objection was sustained, and the court ruled out the application and the order. The plaintiff also offered in evidence the contract of sale of the saw-mill timber on the land in dispute, executed by Hall to the Gress Lumber Company in pursuance of the order granting leave to sell the land at private sale. The defendant objected upon the ground that no authority to the administrator to make such a sale of the timber was shown, and the court sustained the objection and ruled out the contract, in so far as it was a deed from Hall as administrator, but admitted it as his individual deed. This testimony being ruled out, the court granted a nonsuit. To each of these rulings the plaintiff excepted.

It appears, as we have already said, that Wilson, when he bought the land from Hall, had notice that the saw-mill timber had been sold to the Gress Lumber Company; but it does not appear whether Leitner, when he purchased from Wilson, had notice of the sale of the timber or not. If Leitner was a *bona fide* purchaser of the land without notice of the sale of the timber to the Gress Lumber Company, he would be protected, and that company would have no right to enjoin him from cutting the timber, or to recover damages for that already cut. If, upon the other hand, Leitner had notice that the timber had been sold to that company, he would hold the land subject in equity to the company's rights, and the company would have a right to enjoin him from appropriating the timber to his own use and from interfering with the cutting and moving the same by it from the premises within a reasonable time, and to recover

damages for timber already cut and appropriated by him. Whether, as matter of strict law, a separate sale of the timber was authorized by the order or not, yet as the order was the basis of that sale, it was admissible in evidence, inasmuch as a mistaken execution of the order, together with the receipt of the purchase money, would operate to create an equity in favor of the purchaser of the timber, which he could enforce against a subsequent purchaser of the land affected with notice of that equity.

2. We think the court erred also in holding that where an administrator procures leave from the ordinary to sell land, and resigns before executing the sale, an administrator *de bonis non* cannot execute it. We think the order granted to the first administrator remains operative and can be executed by an administrator *de bonis non* without a new application to the ordinary for leave to sell the same land.          *Judgment reversed.*